Warne v. Bond.

---

## SALES

[Muskingum (5th) Court of Appeals, 1919.]

Houck, Shields and Patterson, JJ.

HARLEY E. WARNE v. HERMAN T. BOND.

**Representations by Seller as to Soundness of Horse Sold Constituting Express Warranty under Sales Act.**

Muskingum County Appeals.

Assurances given the purchaser by one selling a horse, that the animal was sound in every way and especially was free from any disease of the eyes and that both of the eyes of said horse were sound, are sufficient to constitute an express warranty under the sales act.

*Harry C. Shepherd* for plaintiff in error.
*H. W. Kuntz* for defendant in error.

**HOUCK, J.**

The petition (below) alleged a warranty of the soundness of a horse sold by Warne to Bond, a breach of said warranty, and as a result thereof damages to said Bond in the sum of $125.

The answer contained two defenses: first, a general denial; second, that at the time Bond purchased said horse of Warne, he knew the eyes of said horse were defective.

The reply denied the second defense of the answer. Upon these issues the cause was submitted to a jury and a verdict was returned in favor of Bond for the sum of $90. The trial judge overruled a motion for a new trial and entered a judgment on the verdict.

Counsel for plaintiff in error urges that an inspection of the record will disclose the following errors prejudicial to the rights of his client, and seeks a reversal of said judgment so entered:—

(a)   That there was no legal proof establishing the alleged warranty.

(b)   That the trial court erred in its admission and rejection of testimony.

(c)   That the judgment is against the weight of the evidence.

We have read the entire record in this case and, therefore, are familiar with the proven facts as well as the rulings of the trial judge, on his admitting and refusal to admit certain testimony offered during the progress of the trial.

As to the first ground of alleged error, we will say that the recovery in this case is based upon an express warranty in this, to wit: that the horse in question was sound in every way and especially was free from any disease of its eyes and that both eyes of said horse were sound. Express warranties are those stipulations and promises, with regard to the condition or general or particular qualities of the article or property sold, which

Warne v. Bond.

the seller makes to the buyer in express terms, at the time of the sale.

It is claimed that the words and language used by the seller, at the time of the transaction, were not sufficient, in law, to constitute an express warranty. The law does not draw a close line in this respect; no particular words are necessary. Any language, statement, assertion, or act on the part of the seller, in the present case, going to the soundness of the horse in question, if they were intended by Warne, and understood by Bond, as a warranty as to the soundness of said horse, must be considered as such.

The question is, did the words and language used, at the time of the sale, fairly and reasonably indicate an intention, on the part of Warne, to warrant the horse sound, and did Bond so understand it? This was a question of fact and entirely within the province of the jury and for its determination. This was done, and we think its response is in full accord with the facts and the law.

The testimony of Warne, the defendant below, clearly was such as to satisfy the jury as to the warranty as claimed by Bond.

We hold that, in fact and law, an express warranty was established. The "Sales Act," Sec. 8392 G. C., reads:

"An affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon." * * *

This statutory rule of law, when applied to the undisputed facts now before us, is decisive of the real question presented, namely: Was there an express warranty as to the soundness of the horse? and but one answer can follow, Yes.

How stands the claim as to the second alleged error:

An inspection of the record here presented satisfies us that no prejudicial error exists as to the rulings of the trial court in the admission and rejection of testimony.

As to the third ground of error, is the judgment, as entered here, against the weight of the evidence? This we answer in the

negative. The judgment is amply supported by the facts as well as the law is applicable to them.

The record being free from prejudicial error, the judgment of the common pleas court must be and hereby is affirmed.

SHIELDS and PATTERSON, JJ., concur.